UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SYED ZAIDI, | Civil No. 13-4443 (WJM) |
| Petitioner, | |
| v. | **ORDER** |
| UNITED STATES JOF AMERICA, | |
| Respondents. | |

**MARTINI, District Judge:**

1. On February 4, 2013, Syed Zaidi signed, and presumably handed to prison officials for mailing to the Clerk, a *pro se* motion to vacate a sentence, pursuant to 28 U.S.C. § 2255, imposed by judgment of this Court filed on February 18, 2011, in United States v. Zaidi, Crim. No. 10-0409 (WJM) judgment (D.N.J. Feb. 18, 2011), *aff'd*, 460 F.App'x 137 (3d Cir. 2012). *See Zaidi v. United States*, Civ. No. 13-0876 (WJM) motion at ECF No. 1 (D.N.J. filed Feb. 11, 2013). The motion raised three grounds, with subparts.

2. By Order filed on February 20, 2013, this Court notified Zaidi, in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), that a person seeking relief in federal court from confinement resulting from a conviction in federal court must include in a single petition under § 2255 all potential claims for which he or she desires to seek review and relief; this Court asked Zaidi if he would like his § 2255 motion ruled upon as filed, or to withdraw the § 2255 motion and file an all-inclusive § 2255 motion, subject to the one-year limitations period under § 2255. *See Zaidi v. United States*, Civ. No. 13-0876 (WJM) Order at ECF No. 2.

3. By letter filed and dated April 5, 2013, Michael Orozco advised this Court that he represents Syed Zaidi in the § 2255 case No. 13-0867 (WJM) and notified this Court that, in

response to the Order filed February 20, 2013, Zaidi elected to withdraw his pleading and file an all-inclusive § 2255 motion. *See Zaidi v. United States,* Civ. No. 13-0876 (WJM) motion at ECF No. 4. In accordance with this letter, Civil No. 13-0876 (WJM) was terminated.

4. On July 10, 2013, through counsel, Zaidi filed a Notice of Motion to File Motion and Exhibits Under Seal. *See Zaidi v. United States,* Civ. No. 13-0876 (WJM) motion at ECF No. 5. In the motion, Zaidi asked for an order "directing that Petitioner's Motion to Set Aside, Vacate, or Correct Sentence pursuant to 28 U.S.C. § 2255, Memorandum of Law in Support, Certifications in Support, and supporting Exhibits, be filed Under Seal, pursuant to Local Civil Rule 5.3(c)." *Id.* The motion was supported by the certification of Michael Orozco. Contrary to the requirements of Local Civil Rule 5.3(c), Zaidi did not describe the factors set forth in Local Civil Rule 5.3(c)(2), and he did not electronically file the materials deemed confidential under seal with the designation "confidential materials" submitted on motion to seal, as required by Local Civil Rule 5.3(c)(3).

5. On July 23, 2013, through counsel, Zaidi filed in the instant matter, Civil No. 13-4443 (WJM), a two-page document labeled "Notice of Motion to Set Aside, Vacate, or Correct Petitioner's Sentence." (Notice of Motion, ECF No. 1.) The notice of motion seeks an order to set aside, vacate, or correct Zaidi's sentence pursuant to 28 U.S.C. § 2255 and relies "upon the following as yet un-filed documents: Memorandum of Law, Certification of Petitioner, further Exhibits, and further Certification of Counsel, to be submitted upon resolution of Petitioner's Notice of Motion to File Motion and Exhibits Under Seal pursuant to L. Civ. R. 5.3(c)." *Id.* at 1.

6. Contrary to the requirements of Rule 2 of the Rules Governing Section 2255 Motions, Zaidi's motion in Civil No. 13-4443 (WJM) (ECF No. 2) does not specify any ground for relief, set forth the facts supporting each ground, and specify the relief requested. *See* 28 U.S.C. § 2255 Rule 2(b).

7. On July 24, 2013, Zaidi filed a "Notice of Motion to File Motion and Exhibits Under Seal." (ECF No. 2.) He seeks an order "directing that Petitioner's Motion to Set Aside, Vacate, or Correct Sentence pursuant to 28 U.S.C. § 2255, Memorandum of Law in Support, Certifications in Support, and supporting Exhibits, be filed Under Seal, pursuant to Local Civil Rule 5.3(c)." *Id.*

8. Local Rule 5.3(c) governs motions to seal. Local Rule 5.3(c)(2) requires a motion to seal to "describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." Loc. Civ. R. 5.3(c)(2).

9. Although the attorney's certification attached to the motion to seal arguably satisfies section 5.3(c)(2)(c),[1] Zaidi's motion to seal does not comply with Local Civil Rule 5.3(c)(2) because he does not describe the factors set forth in section 5.3(c)(2)(a), (b), or (d).

10. Local Rule 5.3(c)(3) provides: "Any materials deemed confidential by a party or parties . . . shall be filed electronically under the designation 'confidential materials' and shall remain sealed until such time as the motion is decided." Loc. Civ. R. 5.3(c)(3). The explanatory notes explain that this "subparagraph is intended to allow confidential materials to be filed and remain under seal until a motion to seal or otherwise restrict public access is ruled on." Explanatory Note, Loc. Civ. R. 5.3, Subparagraph (c)(3).

11. Zaidi's motion to seal does not comply with Local Rule 5.3(c)(3) because Zaidi did not file under temporary seal the materials he deems confidential.

Based on the foregoing,

---

[1] "It is my belief that if this information is made part of the public record of these proceedings then Petitioner's life would be in danger." (Certification, ECF No. 2-1 at 2.)

3

IT IS on this 23 day of December, ORDERED that the motion to seal (ECF No. 2) is DENIED WITHOUT PREJUDICE for failure to comply with Local Civil Rule 5.3(c)(2) and (3).

WILLIAM J. MARTINI, U.S.D.J.