# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SYED ZAIDI, | Civil No. 13-4443 (WJM) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | |
| Respondents. | |

**MARTINI, District Judge**:

    1.   On February 4, 2013, Syed Zaidi signed, and presumably handed to prison officials for mailing to the Clerk, a *pro se* motion to vacate a sentence, pursuant to 28 U.S.C. § 2255, imposed by judgment of this Court filed on February 18, 2011, in *United States v. Zaidi*, Crim. No. 10-0409 (WJM) judgment (D.N.J. Feb. 18, 2011), *aff'd,* 460 F.App'x 137 (3d Cir. 2012).  *See Zaidi v. United States,* Civ. No. 13-0876 (WJM) motion at ECF No. 1 (D.N.J. filed Feb. 11, 2013).  The § 2255 motion was docketed under Civil Action No. 13-0876 (WJM), in this Court.  The motion raised three grounds, with subparts.  By Order filed on February 20, 2013, this Court notified Zaidi, in accordance with *United States v. Miller,* 197 F.3d 644 (3d Cir. 1999), that a person seeking relief in federal court from confinement resulting from a conviction in federal court must include in a single petition under § 2255 all potential claims for which he or she desires to seek review and relief, and asked him if he would like his § 2255 motion ruled upon as filed or to withdraw the § 2255 motion and file an all-inclusive § 2255 motion, subject to the one-year limitations period under § 2255.  *See Zaidi v. United States,* Civ. No. 13-0876 (WJM) Order at ECF No. 2.  By letter filed and dated April 5, 2013, Michael Orozco advised this Court that he represented Syed Zaidi in that § 2255 case, and notified this Court that, in response to the Order

filed February 20, 2013, Zaidi elected to withdraw his pleading. *See Zaidi v. United States,* Civ. No. 13-0876 (WJM) motion at ECF No. 4. Based on counsel's letter, Civil No. 13-0876 (WJM) was terminated on April 8, 2013.

  2. After the case was closed, on July 10, 2013, through counsel, Zaidi filed a Notice of Motion to File Motion and Exhibits Under Seal in Civil No. 13-0876 (WJM). *See Zaidi,* Civ. No. 13-0876 (WJM) motion at ECF No. 5. In the motion, Zaidi asked for an order "directing that Petitioner's Motion to Set Aside, Vacate, or Correct Sentence pursuant to 28 U.S.C. § 2255, Memorandum of Law in Support, Certifications in Support, and supporting Exhibits, be filed Under Seal, pursuant to Local Civil Rule 5.3(c)." *Id.* The motion was supported by the certification of Michael Orozco. However, contrary to the requirements of Local Civil Rule 5.3(c), Zaidi did not describe the factors set forth in Local Civil Rule 5.3(c)(2) and he did not electronically file the materials deemed confidential under seal with the designation "confidential materials" submitted on motion to seal, as required by Local Civil Rule 5.3(c)(3).

  3. On July 23, 2013, through counsel, Zaidi filed in new action, docketed as Civil No. 13-4443 (WJM), a two-page document labeled "Notice of Motion to Set Aside, Vacate, or Correct Petitioner's Sentence." (Notice of Motion, ECF No. 1.) However, this document did not specify any ground for relief, set forth the facts supporting any ground for relief, or specify the relief requested, as required by 28 U.S.C. § 2255 Rule 2(b).

  4. On July 24, 2013, through counsel, Zaidi filed a notice of motion for an order directing that his as yet unfiled § 2255 motion and supporting papers be filed under seal pursuant to Local Civil Rule 5.3(c). (Notice of Motion, ECF No. 2.)

  5. By Order entered December 23, 2013, this Court denied Zaidi's motion to seal without prejudice for failure to comply with Local Civil Rule 5.3(c)(2) and (3). (Order, ECF No. 6.)

6.  To date, Zaidi has not filed another motion to seal, nor has he filed any grounds for relief under § 2255, as required by 28 U.S.C. § 2255 Rule 2(b).

7.  The time for Zaidi to file a § 2255 motion appears to have expired on May 9, 2013, as the judgment became final on May 8, 2012, 91 days after the Third Circuit affirmed Zaidi's conviction in *United States v. Zaidi,* 460 F.App'x 137 (3d Cir. Feb. 7, 2012).  *See* 28 U.S.C. § 2255(f)(1).

8.  Because Zaidi has not filed a § 2255 motion setting forth grounds and facts warranting relief, and the time to file a motion appears to have expired, this Court will summarily dismiss the case pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings.  *See* 28 U.S.C. § 2255 Rule 4(b) ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."); *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

9.  An appropriate Order accompanies this Memorandum Opinion.


s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

Dated: March 4, 2014